# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN WADE RENFRO,**

    Petitioner,

v.                                                **Civil Action No. 2:16cv92**
                                                     **(Judge Bailey)**

**LANCE YARDLEY, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On November 3, 2016, Petitioner, a state prisoner currently incarcerated at Pruntytown Correctional Center ("PRC") in Grafton, West Virginia, filed a *pro se* petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 6, 2017, he was granted permission to proceed as a pauper. ECF No. 10. By Order entered July 6, 2017, Respondent was directed to show cause why the petition should not be granted. ECF No. 11. On August 3, 2017, Respondent filed a Motion for Judgment on the Pleadings. ECF No. 16. On September 11, 2017, a Roseboro Notice was issued. ECF No. 20. To date, Petitioner has not filed a response.

### II. State Court Proceedings

**A. Hancock County Conviction and Sentence**

On September 11, 2013, Petitioner was indicted by a Hancock County Grand Jury on two counts of gross child neglect resulting in substantial risk of injury, in violation of West Virginia Code §61-8D-4(e). ECF No. 16-1. On November 13, 2014, the morning of trial, Petitioner entered a guilty plea with respect to both counts of the indictment. ECF No. 16-2. Petitioner "indicated at that time that he wished to go forward with his pleas after fully discussing the

matter with his counsel on two (2) separate occasions this morning, in addition to prior occasions….” *Id.* at 2. Finding that a factual basis did exist for an adjudication of guilt, the court accepted Petitioner's guilty plea to both counts of the indictment. *Id.* at 4. On January 12, 2015, Petitioner moved to withdraw his plea because he had not been notified of the requirement that he had to register as a child abuser. ECF No. 16-3 at 2.

On March 9, 2015, Petitioner indicated to the court that he wished to reenter his previous plea agreement. ECF No. 16-5. Petitioner acknowledged that his previous withdrawal "was related solely to the requirements of registration under the Child Abuse Offender Act, and [he] fully understood his obligations in that regard." *Id.* at 2. The court once again accepted Petitioner's plea of guilty as to both counts contained in the indictment. *Id.* at 3. On March 30, 2015, petitioner was sentenced to two terms of not less than one year, nor more than five years in the state penitentiary. ECF No. 16-6 at 3. The court then suspended the sentence and placed Petitioner on five years of supervised probation. *Id.* Petitioner was also placed on a ten year period of child abuse supervision as required by the plea. *Id.* at 4. "The [c]ourt noted that any violation of any rule or probation would be viewed quite harshly by this [c]ourt." *Id.* at 3-4.

On June 9, 2015, the State filed a Petition for Revocation of Probation. ECF No. 16-7. As grounds for revocation, it was alleged that Petitioner tested positive for methadone metabolite, methadone, and morphine in violation of the terms of his probation. *Id.* at 3. Petitioner failed to appear at the corresponding hearing. ECF No. 16-8. The Probation Officer further noted that Petitioner had failed to report on the date set for that month. *Id.* Accordingly, the court issued a Habeas Warrant for Petitioner's arrest. *Id.* Over a year later, on June 22, 2016, an Amended Petition for Revocation of Probation was filed. ECF No. 9. In addition to the previous violation, the petition alleged that Petitioner was arrested on June 18, 2016, for failure to appear in court

and that he had "absconded from probation" because he failed to report to his probation officer for over a year. *Id* at 3.

The court held a hearing on the Amended Petition on July 20, 2016. ECF No. 10. The State "presented the sworn testimony and evidence of its witnesses." *Id.* The court found that Petitioner was "in clear violation of the terms and conditions of his probation" by a clear preponderance of the evidence. *Id.* at 3. The court, finding this to be a "significant violation," revoked his probation and ordered the reinstatement of his previous sentence. *Id*.

## B. <u>Appeal</u>

Petitioner did not file a direct appeal from his original sentence and conviction. However, on February 14, 2017, approximately seven months after the Circuit Court revoked his probation and reinstated his original sentence, Petitioner filed a notice of appeal with the West Virginia Supreme Court of Appeals of West Virginia ("WVSCA"). On March 22, 2017, the WVSCA notified Petitioner that the order he was appealing was not a "final order for purposes of appeal" and therefore, did not docket the appeal. ECF No. 16-12.

## C. <u>Marshall County/Hancock County Habeas Proceeding</u>

On August 16, 2016, Petitioner filed a pro se Petition for Writ of Habeas Corpus in the Circuit Court of Marshall County, West Virginia. ECF No. 16-13. Petitioner appears to have raised four grounds in his petition: 1) conviction obtained by plea of guilty which was not made voluntarily; 2) the State's knowing use of perjured testimony; 3) Fourth Amendment violation; and 4) denial of effective assistance of counsel. *Id*. On August 17, 2016, the State filed a Motion for Transfer of Venue of Petition for Writ of Habeas Corpus. ECF No. 16-14. The State argued that Hancock County was the appropriate venue for this matter because Petitioner's allegations related to his conviction and/or sentencing, and the appropriate venue is the county in which he

was tried and convicted. *Id.* The circuit court agreed and transferred venue to Hancock County. ECF No. 16-15. On August 30, 2016 the matter was officially transferred. ECF No. 16-16. On April 17, 2017, upon review of the petition, the Circuit Court of Hancock County summarily dismissed the petition without prejudice as the petition was factually inadequate. *Id.*

**D. Writ of Habeas Corpus in the WVSCA**

On February 14, 2017, Petition filed a writ of habeas corpus ad subjiciendum in the WVSCA under its grant of original jurisdiction. ECF No. 16-17. Petitioner failed to complete the "grounds" portion of the petition, and therefore, arguably did not raise any grounds. However, he did enumerate four "assignments of error": 1) denial of effective assistance of counsel; 2) conviction obtained by guilty plea which was unlawfully induced or not made voluntarily; 3) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and 4) conviction obtained by the unconstitutional failure of the prosecution to disclose favorable evidence. *Id.* at 7-8. On April 3, 2017, the State filed a Motion to Dismiss the petition for failure to articulate any grounds. ECF No. 16-18. On June 6, 2017, the WVSCA dismissed the petition and "remanded to the Circuit Court of Hancock County for the limited purpose of appointment of counsel to file a habeas petition on the [P]etitioner's behalf. ECF No. 16-19. On June 27, 2017, the Circuit Court appointed counsel for the purpose of filing a habeas petition on Petitioner's behalf.[1] ECF No. 16-20.

### III. Petitioner's Federal Habeas Corpus Claims

In his §2254 petition for habeas corpus, Petitioner raises seven grounds for relief:

1) refusal to subpoena witnesses;

2) mental competency at the time of the crimes;

---

[1] On November 9, 2017, the pro se law clerk assigned to this case contacted the Hancock County Clerk's office and was informed that there has been no docket activity since entry of the order appointing counsel.

4

3) language barrier to understanding proceeding;

4) the State's knowing use of perjured testimony;

5) denial of effective assistance of counsel;

6) conviction obtained by plea of guilty which was not made voluntarily; and

7) conviction obtained by unconstitutional failure of the prosecution to disclose favorable evidence.

## IV. Respondent's Answer

Respondent contends that the petition must be dismissed because Petitioner has failed to exhaust his state court remedies.

## V. Standard of Review

A court considering a motion for judgment on the pleadings under Rule 12(c) applies the same standard as when considering a motion to dismiss pursuant to Rule 12(b)(6). *Burbach Broad Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). A court must accept all well-pleaded allegations of the petition as true and "draw all reasonable inferences" in favor of the petitioner. *See Massey v. Ojanit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). However, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker v. Kelly*, 589 F.3d 127, 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

## VI. Analysis

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State...

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).

"The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Breard*, 134 F.3d at 619. A federal court may only consider those issues the petitioner presented to the state court. *Picard v. Connor*, 404 U.S. 270 (1971). The "exhaustion" doctrine requires a federal habeas petitioner to have presented all federal claims – *in federal terms* – to the highest state court prior to presenting them for federal habeas review. *Id.* at 275. This requirement ensures the State is given the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Id.* To exhaust a claim in state court, the petitioner must "expressly raise that same federal constitutional claim in state court that he raises in federal court." *Diaz v. Weisner*, 2006 U.S. Dist. LEXIS 56583, at *31 (W.D.N.C. Aug. 1, 2006). "It is not enough that all the facts

## VI. Analysis

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State...

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).

"The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Breard*, 134 F.3d at 619. A federal court may only consider those issues the petitioner presented to the state court. *Picard v. Connor*, 404 U.S. 270 (1971). The "exhaustion" doctrine requires a federal habeas petitioner to have presented all federal claims – *in federal terms* – to the highest state court prior to presenting them for federal habeas review. *Id.* at 275. This requirement ensures the State is given the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Id.* To exhaust a claim in state court, the petitioner must "expressly raise that same federal constitutional claim in state court that he raises in federal court." *Diaz v. Weisner*, 2006 U.S. Dist. LEXIS 56583, at *31 (W.D.N.C. Aug. 1, 2006). "It is not enough that all the facts

necessary to support the federal claim were before the state court or that a somewhat similar state-claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citations omitted).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the WVSCA. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel*, 631 F. Supp. at 1545. A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus under the original jurisdiction of the WVSCA. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also*, *Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

As the history of Petition's state court proceedings clearly establishes, he has failed to exhaust any of the claims raised in his pending § 2254. He did not file a direct appeal from his conviction, and to the extent he did file an appeal several months after his probation was revoked, the same was not docketed. ECF No. 16-12. In addition, the habeas originally filed in Marshall County and subsequently transferred to Hancock County, was dismissed without prejudice as factually inadequate. ECF No. 16-16. Furthermore, the habeas petition filed on February 14, 2017, in the WVSCA under its grant of original jurisdiction was dismissed and remanded to the Circuit Court of Hancock County. ECF No. 16-19. Finally, although Petitioner has been appointed counsel, a habeas petition has yet to be filed, and he will not have exhausted

any claims raised therein until the circuit renders a ruling, and the same is appealed to the WVSCA if unfavorable. Therefore, this Court is without jurisdiction to consider Petitioner's habeas petition at this time.

The undersigned acknowledges that in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that "rather than dismiss [a] petition…, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").[2]

Although *Rhines* concerned the filing of "mixed" petitions, i.e., petitions that contain both exhausted and unexhausted claims, the Supreme Court has suggested that the *Rhines*' stay and abeyance standard also applies to so-called "protective petitions," i.e., petitions containing no exhausted claims filed prior to the completion of the exhaustion process to ensure future federal review, *see Pace v. DiGuiglielmo,* 544 U.S. 408 (2005).[3] Furthermore, the Fourth Circuit has held that in *Pace,* the Supreme Court "subsequently extended the *Rhines* rationale beyond mixed 2254 petitions." *Hyman v. Keeler*, 2011 WL 3489092, at *10 (4th Cir. Aug. 10,

---

[2] The Court reasoned that if employed too frequently, a stay in advance would undermine the purposes of the AEDPA: (1) reducing delay in the execution of state and federal criminal sentences and (2) encouraging petitioners to seek relief from state courts in the first instance. *Id.* ("Staying a federal habeas petition frustrates AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.").

[3] In *Pace*, an opinion published just one week after *Rhines*, the Supreme Court suggested in dicta that a petitioner reasonably confused about whether a state filing would be timely could file a "protective" petition in federal court. *Pace*, 544 US at 416. Therefore, even though the Supreme Court did not explicitly state that the stay and abeyance procedure of *Rhines* applied to unmixed petitions, its suggestion that *Rhines*' stay and abeyance procedure could apply to an unmixed petition in that case clearly extended the *Rhines*' rationale beyond mixed petitions.

2011). "The stay and abeyance procedure was recommended by the *Pace* [c]ourt without any discussion of whether the habeas petitioner was pursuing a mixed 2254 petition. To the contrary, the *Pace* decision appears to authorize the use of the stay and abeyance procedure under any circumstances that could warrant a state court resolution of a prisoner's claims." *Id*. (quoting *Pace*, 544 U.S. at 416 and citing *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009).

However, even if the Court were to construe the instant habeas as a "protective petition," the undersigned is of the opinion that a stay and abeyance is not warranted. Petitioner was alerted that his petition was not exhausted by virtue of Respondent's Motion for Judgment on the Pleadings. Despite the issuance of a Roseboro Notice, Petitioner has filed no reply to the motion and therefore, has not suggested any cause, let alone good cause, for his failure to exhaust his claims before filing his § 2254.

## VII. Recommendation

Based on the foregoing, it is recommended that Respondent's Motion for Judgment on the Pleadings [ECF No. 16] be GRANTED, and the petition be **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §

636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record by electronic means. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

Dated: November 14, 2017.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE